Franklin D. Cordell, WSBA 26392
Gordon Tilden Thomas & Cordell LLP
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
fcordell@gordontilden.com

Katherine S. Wan, WSBA #58647
Gordon Tilden Thomas & Cordell LLP
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
kwan@gordontilden.com

*Attorneys for Plaintiff Richland Lutheran Church*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| RICHLAND LUTHERAN CHURCH, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, S.I., a foreign corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

Plaintiff Richland Lutheran Church alleges as follows:

## I. INTRODUCTION

1.1.    This is an insurance coverage action for declaratory judgment, breach

COMPLAINT - 1

of contract, bad faith, violation of the Washington Consumer Protection Act, and violation of the Washington Insurance Fair Conduct Act. The action arises out of Defendant Church Mutual Insurance Company, S.I.'s breach of its duty to defend and indemnify Plaintiff Richland Lutheran Church in a lawsuit styled *C.P. v. Lifechurch7, et al.*, King County Superior Court Cause No. 24-2-069778-0.

## II. THE PARTIES

2.1. Plaintiff Richland Lutheran Church ("RLC") is a Washington nonprofit corporation with its principal place of business in Richland, Washington.

2.2. Defendant Church Mutual Insurance Company, S.I. ("Church Mutual") is a Wisconsin corporation with its principal place of business in Merrill, Wisconsin. During all times relevant to this Complaint, Church Mutual was authorized to transact business and transacted business in the State of Washington.

## III. JURISDICTION AND VENUE

3.1. This Court has personal jurisdiction over the parties.

3.2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and because the Defendant transacts business in Richland,

COMPLAINT - 2

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Washington.

## IV.  FACTUAL ALLEGATIONS

4.1.  RLC has been a center of worship in Richland, Washington since 1946.

4.2.  On March 29, 2024, C.P. filed a lawsuit against various defendants, including RLC, in King County Superior Court styled *C.P. v. Lifechurch7, et al.*, King County Superior Court Cause No. 24-2-069778-0 ("Underlying Lawsuit").

4.3.  The Underlying Lawsuit alleges C.P. was abused by her adoptive parents and that an RLC pastor failed to report or investigate her abuse claim.  C.P. claims in the Underlying Lawsuit that she "suffered severe and lasting psychological and emotional damages," that her injuries "have continued to the present and will continue for an indefinite period of time into the future," and that they are "permanent in nature."  The Underlying Lawsuit is silent as to the timing of the alleged abuse.

4.4.  RLC timely tendered the Underlying Lawsuit to Church Mutual.

4.5.  Church Mutual insured RLC under at least two general liability policies ("Policies"):

    4.5.1.  Policy No. 030341-02-046387, effective March 6, 1977 through March 6, 1980, with limits of $300,000 per occurrence;

    4.5.2.  Policy No. 030341-02-145458, effective March 6, 1981

COMPLAINT - 3

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

through March 6, 1984 with limits of $500,000 per occurrence.

4.6.   On or about April 17, 2024, Church Mutual denied coverage of the Underlying Lawsuit on grounds that the alleged date of abuse occurred before the Policies' effective dates.

4.7.   On or about August 5, 2024, counsel for RLC asked Church Mutual to reconsider its denial on grounds that extrinsic evidence collected by RLC demonstrated that CP's alleged abuse likely occurred during the Policies' effective dates.  Counsel for RLC provided that extrinsic evidence to Church Mutual.  Church Mutual did not respond.

4.8.   Counsel for RLC followed up with Church Mutual regarding its coverage position on October 8, 2024, and again received no response.

**V.   FIRST CAUSE OF ACTION:  DECLARATORY JUDGMENT**

5.1.    RLC realleges and incorporates herein the allegations contained in paragraphs 1.1 through 4.8 as though fully set forth herein.

5.2.   A real and justiciable controversy exists between the parties regarding Church Mutual's obligation to defend and indemnify RLC in the Underlying Lawsuit.

5.3.   RLC is entitled to a declaration that Church Mutual (1) has an obligation to defend RLC in the Underlying Lawsuit and indemnify RLC; and (2) breached its duty to defend RLC.

COMPLAINT - 4

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

5.4. The issuance of declaratory relief by this Court will terminate the existing controversy between RLC and Church Mutual.

## VI. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

6.1. RLC realleges and incorporates herein the allegations contained in paragraphs 1.1 through 5.4 as though fully set forth herein.

6.2. Church Mutual's Policies cover the Underlying Lawsuit.

6.3. Church Mutual breached its Policies by failing to defend and indemnify RLC in the Underlying Lawsuit.

6.4. As a result of Church Mutual's breaches of its obligations under the Policies, RLC has been and will continue to be damaged in an amount to be determined at trial.

6.5. As a direct and proximate result of Church Mutual's breach of the Policies, RLC has been deprived of the benefits of the insurance coverage to which it is entitled under the Policies and is entitled to a money judgment against Church Mutual.

## VII. THIRD CAUSE OF ACTION: BAD FAITH

7.1. RLC realleges and incorporates herein the allegations contained in paragraphs 1.1 through 6.5 as though full set forth in this section.

7.2. Church Mutual owes a duty of good faith and fair dealing to RLC.

7.3. Pursuant to its duty of good faith and fair dealing, Church Mutual is

COMPLAINT - 5

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

barred from, among other things, taking any action that was or is unreasonable, frivolous, or unfounded.

7.4. Church Mutual's actions are unreasonable, frivolous, and unfounded. Such actions constitute bad faith under the laws of the State of Washington

7.5. As a direct and proximate cause of Church Mutual's breach of the covenant of good faith and fair dealing, RLC has suffered, and continues to suffer, damages and injury in an amount to be determined at trial.

## VIII. FOURTH CAUSE OF ACTION: VIOLATION OF WASHINGTON'S UNFAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS (WAC 284-30, *ET SEQ.*) AND CONSUMER PROTECTION ACT (RCW 19.86)

8.1. RLC realleges and incorporates herein the allegations contained in paragraphs 1.1 through 7.5 as though fully set forth herein.

8.2. Washington has promulgated regulations pursuant to the Unfair Claims Settlement Practices Act under Chapter 284-30, et seq. of the Washington Administrative Code. Church Mutual violated those regulations by, *inter alia*:

8.2.1. Misrepresenting policy provisions, contrary to WAC 284-30-330(1);

8.2.2. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, contrary to WAC 284-30-330(2);

8.2.3. Failing to adopt and implement reasonable standards for the

COMPLAINT - 6

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

prompt investigation of claims arising under insurance policies, contrary to WAC 284-30-330(3);

    8.2.4.  Refusing to pay claims without conducting a reasonable investigation, contrary to WAC 284-30-330(4); and

    8.2.5.  Failing to respond within ten business days to communications from a claimant reasonably suggesting a response is expected, contrary to WAC 284-30-360(3).

    8.3.  The violation of any provision of the Unfair Claims Settlement Practices Regulations is a violation of the Consumer Protection Act ("CPA"), entitling RLC to the exemplary damages set forth in the CPA for each and every violation, along with attorneys' fees and costs.

### IX. FIFTH CAUSE OF ACTION:  VIOLATION OF THE WASHINGTON INSURANCE FAIR CONDUCT ACT (RCW 48.30.015)

    9.1.  RLC realleges and incorporates herein the allegations contained in paragraphs 1.1 through 8.3 as though fully set forth herein.

    9.2.  Church Mutual has unreasonably denied RLC's claim for defense and indemnity under the Policies, which constitutes an unreasonable denial of coverage or payment of benefits within the meaning of RCW 48.30.015(1).

    9.3.  Church Mutual has also violated numerous provisions of the Washington Unfair Claims Settlement Practices Regulations, which are predicate

COMPLAINT - 7

GORDON TILDEN THOMAS CORDELL  
600 University Street  
Suite 2915  
Seattle, WA 98101  
206.467.6477

violations of the IFCA as provided in RCW 48.30.015(5).

9.4. By letter dated December 26, 2024, counsel for RLC provided Church Mutual with written notice of its intent to assert a claim under the IFCA and simultaneously provided a copy of the notice to the Washington Office of the Insurance Commissioner. RLC's notice was in compliance with RCW 48.30.015(8)(b). Church Mutual has not cured its violation of the IFCA.

9.5. RLC has been damaged as a result of Church Mutual's unreasonable conduct as set forth in this pleading. Pursuant to RCW 48.30.015, RLC is entitled to recover damages from Church Mutual, including treble damages, and an award of its reasonable attorneys' fees and litigation costs, including expert witness fees, incurred in prosecuting this action.

## X.  JURY DEMAND

10.1. Pursuant to Federal Rule of Procedure 38, RLC requests a trial by jury on all issues so triable.

## XI.  PRAYER FOR RELIEF

WHEREFORE, RLC prays for the following relief:

A. That the Court enter a declaratory judgment that: (1) coverage exists under the terms of the Policies; (2) Church Mutual breached its duty to defend, committed bad faith, violated the Unfair Claims Settlement Practices Regulations, WAC 284-30, *et seq.*, violated the Washington Consumer Protection Act, and

COMPLAINT - 8

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

violated the Washington Insurance Fair Conduct Act; and (3) is estopped from raising any defenses to coverage under the Policies;

  B. That the Court enter a money judgment against Church Mutual in an amount RLC will prove at trial;

  C. That the Court enter a money judgment against Church Mutual for treble damages, pursuant to the Washington Consumer Protection Act and Washington Insurance Fair Conduct Act;

  D. That the Court award RLC its costs, disbursements, and attorneys' fees, including reasonable attorneys' fees and costs under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), the CPA, and the IFCA;

  E. That the Court Award pre- and post-judgment interest;

///

///

///

///

///

///

///

///

COMPLAINT - 9

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

F.  That the Court enter such other and further relief as the Court may deem just, proper, and equitable.

DATED this 21st day of January, 2025.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Richland Lutheran Church

By   *s/ Franklin D. Cordell*
Franklin D. Cordell, WSBA 26392
600 University Street, Suite 2915
Seattle, WA  98101
206.467.6477
fcordell@gordontilden.com

By   *s/ Katherine S. Wan*
Katherine S. Wan, WSBA #58647
600 University Street, Suite 2915
Seattle, WA  98101
206.467.6477
kwan@gordontilden.com